IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ZORAIDA RIOS-ANDINO,
NEY RIVERA GARCIA,
JASMINE GUADALUPE,
ROSARIO MARTINEZ

        Plaintiffs,     )
                                )
            v.           )  CIVIL ACTION NO.
                                )  6:12-cv-1188-ORL-22-KRS
ORANGE COUNTY, ORANGE COUNTY  )
COMMISSION                           )  **INJUNCTIVE RELIEF SOUGHT**
                                )
        Defendants.    )

## COMPLAINT

### I. INTRODUCTION

1. Plaintiffs are individual registered voters that seek declaratory and injunctive relief to enforce Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973 with respect to Orange County's redistricting map for the Orange County Board of County Commissioners.

2. Plaintiffs seek a declaratory judgment that the current redistricting plan for the Orange County Board of County Commissioners ("BCC") is discriminatory and violates their civil rights because the plan unlawfully dilutes the voting strength of Latinos. Plaintiffs seek the creation of a county commission redistricting plan that will not cancel out, minimize or dilute the voting strength of Latino voters in Orange County. Plaintiffs further seek costs and attorney's fees.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343a (3) & (4); 28 U.S.C. § 1331; 42 U.S.C. § 1973 and 1973j(f). Jurisdiction for Plaintiffs' claim for declaratory relief is based upon 28 U.S.C. §§ 2201 and 2202. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) in that Defendants' actions occurred within the Middle District of Florida.

## III. PLAINTIFFS

4. Plaintiff Zoraida Rios-Andino is Latina and is a registered voter in Orange County, Florida. She resides in Orlando, Florida.

5. Plaintiff Ney Rivera Garcia is Latino and is a registered voter in Orange County, Florida. He resides in Orlando, Florida.

6. Plaintiff Jasmine Guadalupe is Latina and is a registered voter in Orange County, Florida. She resides in Orlando, Florida.

7. Plaintiff Rosario Martinez is Latino and is a registered voter in Orange County, Florida. He resides in Orlando, Florida.

## IV. DEFENDANTS

8. Defendant ORANGE COUNTY is a governmental entity responsible for fulfilling the duties and exercising its rights on behalf of the residents of Orange County, Florida through the Board of County Commissioners and its Mayor. Orange County has all powers of local self-government not inconsistent with general law, or with special law approved by vote of the electors, and is the corporate body charged with defending any actions against the Orange County Commission.

9. Defendant ORANGE COUNTY COMMISSION is the legislative branch of Orange County composed of the county mayor and the county commissioners. The board has the power and duty to originate, terminate and regulate legislative and policy matters, including but not limited to adopting a redistricting plan for the Orange County Commission.

## V.  FACTS

10. According to the 2000 Census, Orange County had a total population of 896,344, of which 168,361 were Latino (18.8%).

11. According to the 2010 Census, the population of Orange County increased to 1,145,956, of which 308,244 were Latino (26.9%). The Latino voting age population of Orange County, 220,285, is 25.2% of the total voting age population, 875,809.

12. The Latino population of Orange County has dramatically increased since the 2000 Census. According to the 2010 Census, the number of Latinos in Orange County has nearly doubled since 2000, from 168,361 Latinos in the County in 2000 to the 308,244 Latinos living there in 2010.

13. Latinos comprise a significant proportion of the total population of Florida with an increase of the Latino population of 57.4% since 2000. This increase constituted 55% of the state's population growth. Latinos grew 83% in Orange County with the overall population growing by 27.8%.

14. Orange County has six single-member commission districts of contiguous territory. Each district must have as nearly equal in population as practicable. After each decennial census, those districts are adjusted by the Board of County Commissioners ("BCC") after one or more public hearings.

15. Yet despite this large growth in the Latino population in Orange County, Latinos still do not have a Latino-majority district in the County Commission in the redistricting map adopted by the County Commission in November 2011.

16. The BCC adopted its Orange County Commission redistricting plan, M-3 BCC Final, on November 29, 2011. The new district lines in this plan will officially take effect on December 4, 2012, but will be effective for purposes of qualifying for office and for elections in 2012.

17. District 3 of the adopted commission plan 3 alone could easily be drawn to have an over 50% Latino voting age population district (and Latinos in the county did submit a district with an over 50% Latino population), however it was instead drawn to have less Latinos as a percentage than it had in 2000 (with a mere 41.40% as compared to its 45% in 2000).

18. Public Proposal E was among 2 maps recommended by the Redistricting Advisory Committee ("RAC") and proffered by the community and/or Plaintiff Zoraida Rios-Andino. Public Proposal E would have provided for a Latino-majority district in District 3 with a 52.16% Latino population. However, it was not adopted by the BCC.

19. In addition to Public Proposal E, there were several redistricting maps submitted and/or supported by the Latino Community and/or Plaintiff Zoraida Rios-Andino that provided for a Latino-majority district. Unfortunately, none of those maps were adopted by the BCC.

20. To date, none of these commission districts have ever provided for a Latino-majority district.

21. The Latino population of Orange County is sufficiently large and geographically compact to comprise the majority of voting age persons in a commission district.

22. A commission district can be created in Orange County that will afford Latino voters the opportunity to elect their candidate of choice.

23. Latinos in Orange County, including the areas in which a Latino-majority commission district can be created are politically cohesive.

24. Non-Latinos vote sufficiently as a bloc to enable them – in the absence of special circumstances – usually to defeat the Latino voters' preferred candidates in Orange County, including the area in which a Latino-majority commission district can be created.

25. The current Orange County Commission redistricting plan interacts with social and historical conditions to cause inequality in the opportunity of Latino voters to elect commissioners of their choice as compared to Non-Latino voters.

26. The current BCC redistricting plan operates to dilute the voting strength of Latinos in Orange County.

27. At all times relevant herein, Defendants have acted under color of state law.

## VI.  CAUSE OF ACTION

28. Plaintiffs hereby re-allege and incorporate by reference ¶¶1-27 of this Complaint as if fully set forth herein.

29. The BCC commission redistricting plan results in a denial or abridgment of the Plaintiffs to vote on account of their race, color, or ethnicity, by having the effect of canceling out or minimizing their individual voting strength in Orange County.  The current commission plan does not afford Plaintiffs an equal opportunity to participate in the political process and to elect representatives of their choice, and denies Plaintiffs the right to vote in elections

without distinction of race, color or ethnicity in violation of Section 2 of the Voting Rights Act, 42 U.S.C. Section 1973.

## VII. ATTORNEY'S FEES

30. In accordance with 42 U.S.C. Sections 1973-1(e) and 1988, Plaintiffs are entitled to recover attorney's fees, expenses and costs.

## VIII. PRAYER

**WHEREFORE,** Plaintiffs pray that this Court:

(1) issue a declaratory judgment finding that the BCC redistricting plan illegally dilutes the voting rights of Latinos in Orange County and is unlawful, null and void;

(2) permanently enjoin Defendants from calling, holding, supervising or certifying any elections under the current BCC redistricting plan.  Plaintiffs have no adequate remedy at law other than the judicial relief sought herein, and unless Defendants are enjoined from using the current redistricting plan, Plaintiffs will be irreparably harmed by the continued violation of their statutory rights;

(3) set a reasonable deadline for BCC to enact or adopt redistricting plans for commission districts that do not dilute, cancel out or minimize the voting strength of Latinos;

(4) if Orange County authorities fail to enact or adopt valid redistricting plans by the Court's deadline, order a new redistricting commission plan that does not dilute, cancel out or minimize the voting strength of Latinos;

(5) in the alternative, mandate a special election be held in 2013 to properly elect BCC Commissioners pursuant to a revised BCC Commission Redistricting Plan and/or a court-

ordered BCC Redistricting Commission Plan that does not dilute, cancel out or minimize the voting strength of Latinos;

(6) adjudge all costs against Defendants, including reasonable attorney's fees;

(7) retain jurisdiction to render any and all further orders that this Court may from time to time deem appropriate;

(8) award such other equitable and further relief as the interests of justice may require.

Dated:  August 1, 2012                                              Respectfully submitted,

 s/ Richard C. Lorenzo
Richard C. Lorenzo
**Trial Counsel**
Florida Bar Number: 071412
Attorney for Plaintiffs
Hogan Lovells US LLP
200 South Biscayne Blvd.
Suite 400
Miami, Florida  33131
Tel: 305-459-6652
Fax:  305-459-6550
Email: richard.lorenzo@hoganlovells.com

 s/ Maree Sneed
Maree Sneed*
Hogan Lovells US LLP
555 13th Street, NW
Washington, DC
Tel: 202-637-6416
Fax: 202-637-5910
Email: maree.sneed@hoganlovells.com

ordered BCC Redistricting Commission Plan that does not dilute, cancel out or minimize the voting strength of Latinos;

(6) adjudge all costs against Defendants, including reasonable attorney's fees;

(7) retain jurisdiction to render any and all further orders that this Court may from time to time deem appropriate;

(8) award such other equitable and further relief as the interests of justice may require.

Dated:  August 1, 2012                                              Respectfully submitted,

 s/ Richard C. Lorenzo
Richard C. Lorenzo
**Trial Counsel**
Florida Bar Number: 071412
Attorney for Plaintiffs
Hogan Lovells US LLP
200 South Biscayne Blvd.
Suite 400
Miami, Florida  33131
Tel: 305-459-6652
Fax:  305-459-6550
Email: richard.lorenzo@hoganlovells.com

 s/ Maree Sneed
Maree Sneed*
Hogan Lovells US LLP
555 13th Street, NW
Washington, DC
Tel: 202-637-6416
Fax: 202-637-5910
Email: maree.sneed@hoganlovells.com

s/ Renee Erickson  
Renee Erickson*  
Hogan Lovells US LLP  
555 13th Street, NW  
Washington, DC  
Tel: 202-637-5864  
Fax: 202-637-5910  
Email: renee.erickson@hoganlovells.com

s/ Juan Cartagena  
Juan Cartagena*  
Diana S. Sen*  
Jackson Chin*  
LatinoJustice PRLDEF  
99 Hudson St. - 14th Floor  
New York, NY 10013  
Tel: 212-219-3360  
Fax:  212-431-4276  
Email: jcartagena@latinojustice.org  
dsen@latinojustice.org  
jchin@latinojustice.org

*Attorneys for Plaintiffs*

*Motion for Appearance Pro Hac Vice to be submitted.

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing Complaint has been served in accordance with the Federal Rules of Civil Procedure on August 1, 2012, upon the following parties:

ORANGE COUNTY  
ORANGE COUNTY COMMISSION

**s/ Richard C. Lorenzo**  
*Richard C. Lorenzo*  
*Hogan Lovells US LLP*