UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZORAIDA RIOS-ANDINO,　　　　　　　　　　　　Case #6:12-CV-1188-ORL-22-KRS
NEY RIVERA GARCIA,
JASMINE GUADALUPE,
ROSARIO MARTINEZ,

  Plaintiffs,

v.

ORANGE COUNTY,

  Defendant.
_____/

## DEFENDANT, ORANGE COUNTY'S RESPONSE TO THE MOTIONS TO APPEAR PRO HAC VICE

  Defendant, Orange County, Florida, pursuant to Local Rules 2.01 and 2.02, opposes the Motions to Appear Pro Hac Vice of Jenny Shen (Dkt. 37) and Bret Ladine (Dkt. 38), but not the Motion to Appear Pro Hac Vice of Kathryn Marshall (Dkt. 36), for the following reasons:

  1. Recently, Orange County was informed that the attorneys who took the depositions of the representatives of Orange County were not members of the Florida Bar and had not been admitted to practice in the Middle District of Florida.

  2. The deposition of Derek Bruce, Chairman of the Orange County Redistricting Advisory Committee, was taken by Mr. Ladine on June 11, 2013.

  3. The deposition of Lavon Williams, manager of Neighborhood Preservation and Revitalization Division, was taken by Ms. Shen on July 9, 2013.

4. The deposition of Pete Johstone, Senior GIS Analyst was taken on July 10, 2013, by Jim Clayton. Attached as composite **Exhibit A** are copies of the first three pages of the deposition transcripts.

5. Mr. Ladine waited nearly two months after he took the deposition of Mr. Bruce to seek admission into the Middle District. Ms. Shen waited nearly one month after she took the deposition of Ms. Williams to seek admission. The Motions do not explain or justify the reason for the delay in seeking admission.

6. Mr. Clayton has not yet sought admission to practice before the Middle District even though he took the deposition of Mr. Johnstone on July 10, 2013.

7. According to Local Rule 2.01(a), "[n]o person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule (or heretofore admitted under prior rules of the Court)."

8. Local Rule 2.02(a) requires any attorney who is not a resident of Florida, but who is a member in good standing of the bar of any District Court of the United States outside of Florida to "appear specially as counsel of record; without formal or general admission; provided . . . that whenever appearing as counsel by filing any pleading or paper in any case pending in this Court, a non-resident attorney shall file within fourteen (14) days a written designation and consent-to-act on the part of some member of the bar of this Court, resident in Florida, . . . who will be responsible for the progress of the case . . . ." In addition, the non-resident attorney must comply with both the fee and registration requirements.

9. Similarly, the Rules Regulating the Florida Bar prohibit a lawyer who is not

admitted to practice in Florida from appearing in court unless authorized to do so by the court pursuant to the applicable rules of the court. The Rules Regulating the Florida Bar address the unauthorized practice of law. Rule 4-5.5(a) provides:

> **(a) Practice of Law.** A lawyer shall not practice law in a jurisdiction other than the lawyer's home state, in violation of the regulation of the legal profession in that jurisdiction, or in violation of the regulation of the legal profession in the lawyer's home state or assist another in doing so.

Nevertheless, it is permitted for a lawyer to provide legal services on a temporary basis in Florida "**if** the lawyer is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized." Rule 4-5.5(c), Fla. R. Reg. Fla. Bar. (emphasis added).[1]

10. Although Plaintiffs' Motion states that "opposing counsel has not identified any ethical rule in which Plaintiffs are in violation," it is fairly obvious that attorneys need to be properly licensed to practice law in the appropriate jurisdiction before engaging in the practice of law or, absent a proper license, attorneys need to comply with the Local Rules pertaining to admission.[2]

11. In application and considering the geographic separation of the lawyers, ranging from Miami to New York to Washington D.C., and now possibly California, the number of lawyers already involved, the level of experience of the lawyers, and the need for

---

[1] As a secondary issue and as explained in the comments to Rule 4-5.5, lawyers who practice under subdivision (c) are required to inform their clients that they are not licensed to practice law in Florida. This is an issue that is between the Plaintiffs and their counsel.

[2] The scope of a federal court's inherent power includes the power to control admission to its bar and to discipline, suspend, or disbar the members of its bar including out-of-state attorneys privileged to appear *pro hac vice*. *Silva v. Potter*, Case No. 8:04-CV-2542-T-17EAJ, 2006 WL 3298543 (M.D. Fla. Sept. 25, 2006) (citing Local Rule 2.04(a)).

supervision, Orange County Orange County objects to the Motions to Appear Pro Hac Vice of Ms. Shen and Mr. Ladine because the Motions do not comply with Local Rule 2.02.

12. Orange County does not object to the Motion to Appear of Kathryn Marshall.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  13th  day of August 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I FURTHER CERTIFY that I transmitted the foregoing document and the notice of electronic filing by **electronic mail** to:

**Richard C. Lorenzo, Esq.**
Hogan Lovells US LLP
200 South Biscayne Blvd., Suite 400, Miami, Florida 33131
richard.lorenzo@hoganlovells.com; claudia.pena@hoganlovells.com;

**Maree Sneed, Esq.**
**Renee Erickson, Esq.**
Hogan Lovells US LLP
555 13th Street, NW, Washington DC, 20004
maree.sneed@hoganlovells.com;
renee.erickson@hoganlovells.com;

**Juan Cartagena**, **Esq.**
**Jackson Chin**, **Esq.**
**Nancy Trasande, Esq.**
LatinoJustice PRLDEF
99 Hudson St., 14th Floor, New York, NY 10013
jcartagena@latinojustice.org;
jchin@latinojustice.org;
ntrasande@latinojustice.org.

*/s/ Linda S. Brehmer Lanosa*
Linda S. Brehmer Lanosa
Assistant County Attorney
Florida Bar No. 901296
ORANGE COUNTY ATTORNEY'S OFFICE
201 S. Rosalind Avenue, 3rd Floor
Orlando, Florida 32801

Telephone: (407) 836-7320  
Facsimile: (407) 836-5888  
Linda.BrehmerLanosa@ocfl.net

RIO to Mtn to Appear Pro Hac Vice