**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ZORAIDA RIOS-ANDINO, NEY RIVERA
GARCIA, JASMINE GUADALUPE,
ROSARIO MARTINEZ,**

         **Plaintiffs,**

**-vs-**         **Case No. 6:12-cv-1188-Orl-22KRS**

**ORANGE COUNTY COMMISSION,**

         **Defendant.**
_____/

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO APPEAR PRO HAC VICE AND WRITTEN DESIGNATION AND CONSENT TO ACT (Doc. No. 37)** |
| **FILED:** | **August 8, 2013** |

| | |
|---|---|
| **MOTION:** | **MOTION TO APPEAR PRO HAC VICE AND WRITTEN DESIGNATION AND CONSENT TO ACT (Doc. No. 38)** |
| **FILED:** | **August 8, 2013** |

Plaintiffs have filed motions asking that the Court allow Jenny Shen, Esq., and Bret Ladine, Esq., to appear *pro hac vice* on their behalf in this action. Doc. Nos. 37-38. It appears that both Attorneys Shen and Ladine took depositions in this case prior to filing appearances or *pro hac vice* motions.[1] Defendant opposes the motions, arguing that the conduct of Attorneys Shen and Ladine

---

[1] Mr. Ladine took a deposition in Florida approximately two months before filing a *pro hac vice* motion, and Ms. Shen took a deposition in Florida approximately one month before filing a *pro hac vice*

violated Local Rules 2.01(a) and 2.02(a), as well as Rule 4-5.5 of the Rules Regulating the Florida Bar. Doc. No. 39.[2]

It is not clear to the Court that Attorneys Shen and Ladine have violated Local Rules 2.01(a) and 2.02(a) or Rule 4-5.5[3], but, regardless, Defendant has not cited any authority for the proposition that the Court may deny a *pro hac vice* motion in circumstances such as those presented by this case – that is, where two attorneys have each taken one deposition prior to moving for *pro hac vice* admission.[4] *Cf. Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553 (11th Cir. 1997) (citing *In Re Evans*, 524 F.2d 1004 (5th Cir. 1975)) ("The standards governing a district court's denial of a pre-trial motion for admission *pro hac vice* are set out in [*In Re Evans*]: Absent a showing of unethical conduct rising to a level that would justify disbarment, the court *must* admit the attorney.").

---

motion. Doc. No. 39 at 1.

[2] Defendant also mentions the "geographic separation of the lawyers . . . , the number of lawyers already involved, the level of experience of the lawyers, and the need for supervision," but does not provide any argument on this point or authority supporting the proposition that the Court should deny a *pro hac vice* motion for these reasons. Doc. No. 39 at 3-4.

[3] For example, Local Rule 2.01(a), which provides that "No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule (or heretofore admitted under prior rules of the Court)," must be read in conjunction with Local Rule 2.02, which clearly contemplates circumstances in which an attorney not admitted to practice before this Court pursuant to Local Rule 2.01 may appear in cases in this Court. Moreover, to the extent that Defendant believes that the conduct of Attorneys Shen and Ladine violated Rule 4-5.5, that would appear to be a matter for the Florida Bar.

[4] The one case cited by Defendant, *Silva v. Potter*, Case No. 8:04-cv-2542-T-17EAJ, 2006 WL 3298543 (M.D. Fla. Sept. 25, 2006), involved a motion for an order to show cause why an attorney's authorization to appear *pro hac vice* should not be revoked. That case involved much more serious allegations, to wit, that the attorney in question had secretly recorded a conversation, concealed the existence of the recording, tried to use the existence of the recording to obtain documents, and then destroyed the recording after the opposing party brought the recording's existence to the Court's attention. Indeed, the Court found that the attorney's conduct was consistent in its appearance of dishonesty. No such allegations are involved in this case.

This is not to say that the Court approves of the course of conduct pursued by Attorneys Shen and Ladine. Contrary to their arguments, nothing in the Local Rules of this Court indicates that counsel who are not members of the Florida Bar may conduct depositions in Florida related to a case pending in this Court without first seeking *pro hac vice* admission. *See also Information Sys. Assocs., Inc. v. Phuture World, Inc.*, 106 So. 3d 982 (Fla. 4th Dist. Ct. App. 2013)(finding that attorney did not engage in unauthorized practice of law in Florida by appearing at a deposition because he had previously been granted *pro hac vice* status in the case). Despite this, the Court will allow Attorneys Shen and Ladine to appear specially in this case as counsel for Plaintiffs. Accordingly, Plaintiffs' motions to admit Attorneys Shen and Ladine *pro hac vice* (Doc. Nos. 37 and 38) are **GRANTED** to the extent that Attorneys Shen and Ladine may appear specially in this case with Richard C. Lorenzo, Esq., serving as local counsel.

Attorneys Shen and Ladine shall immediately begin using the CM/ECF docket system and begin filing electronically. Counsel must register for a CM/ECF login and password through the website at [www.flmd.uscourts.gov](www.flmd.uscourts.gov) under "CM/ECF." Once registered for CM/ECF and added as counsel of record in the case, counsel will receive the Notification of Electronic Filing [NEF] on all documents filed.

The Clerk of Court is directed to mail a copy of this Order to Attorneys Shen and Ladine. Thereafter, the Clerk of Court shall not mail copies of documents filed in this case as counsel of record will receive such documents electronically through CM/ECF.

Orders permitting counsel to appear specially in this case should not be construed as a finding that the work of multiple attorneys is necessary to prosecute or defend the case. I note that with the appearance of Attorneys Shen and Ladine, Plaintiffs have nine (9) attorneys of record.

**DONE** and **ORDERED** in Orlando, Florida on August 15, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE